IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS      )
COMPANY L.P.,                    )
                                      )
           Plaintiff,          )
                                      )
      v.                        )       Case No. 08-2046-JWL
                                      )
BIG RIVER TELEPHONE COMPANY, LLC, )
                                      )
          Defendant.      )
                                      )
_____)

## <u>**MEMORANDUM AND ORDER**</u>

Plaintiff Sprint Communications Company L.P. ("Sprint") has brought patent infringement claims against defendant Big River Telephone Company, LLC ("Big River"). The matter presently comes before the court on Sprint's motion to strike one of Big River's affirmative defenses pursuant to Fed. R. Civ. P. 12(f) (Doc. # 16). The defense in question, in its entirety, states as follows: "Big River and its accused products are licensed, expressly or impliedly." *See* Answer (Doc. # 7) at 6, ¶ 8. Sprint argues that Big River has not pleaded sufficient facts in support of its license defense. The court agrees and **grants** the motion to strike.

This court has consistently ruled that in pleading an affirmative defense, a defendant must comply with Fed. R. Civ. P. 8(a)'s requirement of a "short and plain" statement of supporting facts, in order that the opposing party may have fair notice of the

defense and the grounds upon which it rests.  *See, e.g.*, *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Sprint Communications Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006) (citing *Resolution Trust Corp. v. Thomas*, 1993 WL 501116, at *5 (D. Kan. Nov. 18, 1993)).  In this case, Big River has not pleaded *any* facts in support of the affirmative defense of a license.

The court has also consistently noted that "motions to strike under Rule 12(f)"are generally disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Resolution Trust Corp.*, 1993 WL 501116, at *1; *accord Wilhelm*, 2008 WL 474265, at *2.  Thus, whether an affirmative defense should be stricken as insufficiently supported depends on the particular pleading.  *Compare, e.g.*, *Wilhelm*, 2008 WL 474265, at *2 (refusing to strike affirmative defenses); *Renfro v. Spartan Computer Servs.*, 2007 WL 28245, at *2 (D. Kan. Jan. 3, 2007) (same) *with Sprint Communications Co.*, 233 F.R.D. at 618-19 (striking conclusory defense pleaded without supporting facts as insufficient); *Resolution Trust Co.*, 1993 WL 501116, at *5 (same).

In this case, the court concludes that Big River's conclusory statement that it and its products "are licensed, expressly or impliedly," does not sufficiently state an affirmative defense under Rule 8.  Such a statement, without any identification of any particular license agreement or facts giving rise to an implied license—or even an indication as to which of the two types of license applies—fails to give Sprint fair notice of the defense being asserted.  In the only cases cited by the parties specifically involving

the assertion of a license defense without supporting facts, the courts ruled that such pleading was insufficient.  *See Network Caching Technology v. Novell, Inc.*, 2001 WL 36043487, at *5 (N.D. Cal. Dec. 31, 2001); *Sun Microsystems, Inc. v. Dataram Corp.*, 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997).[1]

This court also bases its decision to strike Big River's license defense on Big River's admission, in opposing the motion to strike, that it presently  lacks sufficient information concerning possibly applicable license agreements.  *See* Defendant's Opposition (Doc. # 18) at 2-3 ("Defendant also must determine what licenses plaintiff entered into with third parties and the extent of those licenses.  Defendant does not manufacture equipment and defendant will need to contact third parties to find out about the license agreements if the information cannot be obtained from plaintiff.").  Big River has not identified any basis for its assertion of a license defense here other than the fact that Sprint has entered into license agreements in the past.  That fact does not support application of the defense in this case, however.  Given the lack of any factual support, the court agrees with Sprint that Big River may not simply plead this affirmative defense in a conclusory manner, with the intent of finding out later whether the defense actually

---

[1]Whether Sprint's own pleading is similarly insufficient is irrelevant, in light of Big River's failure to challenge those pleadings by proper motion.  The fact that affirmative defenses may routinely be pleaded in this fashion in patent infringement cases, as Big River asserts, is also irrelevant to the court's analysis in this case, in which the sufficiency of the pleading has been properly challenged.

applies.[2]

Moreover, for this same reason, granting Big River leave to amend its pleading to provide sufficient factual support would be futile (tellingly, Big River has not sought such leave). Accordingly, the court strikes this affirmative defense from Big River's answer. Of course, should discovery reveal for the first time a proper factual basis for a license defense, Big River might seek leave to amend at that time in the usual way.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff Sprint's motion to strike (Doc. # 16) is **granted**, and defendant Big River's eighth affirmative defense relating to license is hereby stricken from its answer.

IT IS SO ORDERED.

Dated this 8th day of September, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2]To the extent that prejudice must be shown here, the court concludes that, regardless of the opportunity to conduct discovery, Sprint would suffer prejudice if forced to litigate without fair notice of a defense that presently lacks factual support. *See Hynix Semiconductor, Inc. v. Rambus Inc.*, 2007 WL 4062845, at *3 (N.D. Cal. Nov. 15, 2007).