IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 08-2046-JWL<br>) |
| BIG RIVER TELEPHONE COMPANY, LLC, | )<br>) |
| Defendant. | ) |

**ORDER**

The plaintiff, Sprint Communications Company L.P. ("Sprint"), has brought patent infringement claims against the defendant, Big River Telephone Company, LLC ("Big River"). This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on Big River's motion to compel supplemental responses to Interrogatory Nos. 3, 4, 6, and 8-10 (**doc. 68**). For the reasons stated below, Big River's motion is granted in part and denied in part.

As an initial matter, the court must address Sprint's contention that Big River failed to confer with Sprint about the alleged deficiencies in Sprint's interrogatory responses before filing the motion to compel. Pursuant to Fed. R. Civ. P. 37(a)(1), a movant must in good faith "confe[r] or attemp[t] to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." D. Kan. Rule 37.2 states, "A 'reasonable effort to confer' . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."

Big River states that the parties conferred on this matter on September 30, 2008, but Sprint states the parties' discussion on that date only "addressed two minor issues relating to the interrogatories at issue."[1] After receiving Sprint's response to the motion to compel, Big River contacted Sprint again to discuss Sprint's interrogatory answers, but the parties were unable to resolve the instant disputes. While it is unclear whether the letter and the spirit of the meet-and-confer rules were actually satisfied, in the interest of avoiding further delay in the resolution of this discovery dispute, the court will exercise its discretion and address the merits of the motion.[2] The court respectfully reminds the parties to strictly adhere to their Rule 37 duties in the future.

**Interrogatory No. 3**

Interrogatory No. 3 reads:

Describe in detail the dates and circumstances of any discussions with, disclosure to, or other manner of providing to a third party, or sale or offer to sell, or any public use or display of any product or system embodying any of the claims in the Asserted Patents, and identify all persons having knowledge of the foregoing.

After objecting on the grounds that Interrogatory No. 3 was overly broad, unduly burdensome, and irrelevant, Sprint responded,

---

[1] Sprint's Response to Motion to Compel at 2.

[2] *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (waiving non-compliance with duty to confer to avoid further delay of resolution of the matter); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (electing to address the merits of discovery dispute despite failure to confer).

> Sprint states that as this interrogatory relates to the Asserted Patents *prior to the filing* of the Asserted Patents, Sprint has already provided this information in Sprint's Disclosure of Asserted Claims and Preliminary Infringement Contentions, which Sprint hereby incorporates by reference. To the extent this interrogatory seeks information relating to the Asserted Patents *after the filing* of the Asserted Patents, Sprint states that it currently is not aware of any product or service made, sold, or offered for sale by Sprint that is within the scope of any claim of the Asserted Patents and, therefore, cannot further respond to this interrogatory. Sprint reserves the right to supplement its response to this interrogatory, as discovery is ongoing in this matter.[3]

Big River argues that Sprint's response is non-responsive and should be supplemented.[4] The court agrees. With respect to pre-filing disclosures to third parties, Sprint's Infringement Contentions state that "Sprint is not aware of any *documents*" that would be sufficient to evidence each discussion with, disclosure to, or public use of, the claimed invention prior to the date of the application for the patent-in-suit.[5] Sprint has not addressed whether it has *information* (which might not be set forth in documents) about Sprint's pre-filing disclosure of the alleged inventions to third parties. With respect to post-filing disclosures, Sprint has not addressed the interrogatory's request for information about "discussions with" or "disclosures to" third parties related to the alleged inventions

---

[3]Sprint's Supplemental Responses to Big River's First Set of Interrogatories at 2 (emphasis added).

[4]In Sprint's responses to a number of interrogatories, Sprint asserted objections of vagueness, overbreadth, burdensomeness, relevance, and/or privilege before going on to answer the interrogatory. Big River generally does not address Sprint's objections on these grounds, and Sprint has not sought a protective order alleviating it from having to respond on one or more of these grounds. The court will therefore limit its ruling to the issues raised in Big River's motion to compel.

[5]Sprint's First Amended Infringement Contentions at 2.

(regardless of whether a product or service was made, sold, or offered for sale by Sprint). The court orders Sprint to supplement its response to Interrogatory No. 3 to address these deficiencies.

**Interrogatory No. 4**

Interrogatory No. 4 reads:

For each claim of the Asserted Patents, describe in detail where, when, how, and by whom the claimed subject matter was first allegedly invented, including a description of the circumstances surrounding the alleged conception and reduction to practice of the claimed invention; a detailed description of any alleged diligence in reducing to practice; an identification of all documents, things, acts, or other information that support, contradict, or otherwise relate to Sprint's contentions regarding the alleged conception and reduction to practice; and identify all persons having knowledge supporting, contradicting, or otherwise relating to Sprint's contentions regarding the alleged conception and reduction to practice.

Sprint objected to Interrogatory No. 4 on the grounds it is overly broad, unduly burdensome, seeks information protected by the attorney-client privilege and the work-product doctrine, and seeks information in the public record. Sprint then answered,

Sprint states that Joseph Christie first invented the claimed subject matter of each of the Asserted Patents. Sprint further states that the conception of the inventions claimed in U.S. Patent Nos. 6,463,052, 6,452,932, and 6,633,561 occurred at least as early as about October 1993, and that due diligence was exercised from the date of conception up to and including the filing date. Sprint further states, pursuant to Fed. R. Civ. P. 33(d), that it has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including, but not limited to the following documents, identified by Bates range: SPRp-01-029-00001 to 00104. Sprint further states that Harley Ball, Michael Setter, Bill Wiley, Joe Gardner, and Al Duree have knowledge regarding the conception and reduction to practice of the inventions claimed in the Asserted Patents, including the diligence in reducing the claimed inventions to practice. In addition, Sprint states, pursuant to Fed.

>R. Civ. P. 33(d), that it has produced trial transcripts from the Sprint v. Vonage case containing the testimony of Messrs. Ball, Setter, Wiley, Gardner, and Duree, from which further information pertaining to this Interrogatory can be ascertained.[6]

Big River challenges Sprint's response as incomplete, suggesting Sprint should have provided a written description of the "due diligence" and the circumstances surrounding the alleged conception of the claimed inventions. Big River further complains that Sprint has not produced the relevant transcripts from the *Vonage* case and an explanation did not accompany the documents Sprint did produce.

The court finds Sprint's response to Interrogatory No. 4 is complete. Pursuant to Rule 33(d), it was Sprint's prerogative to respond by specifying the documents that Big River could examine to determine the answer. Sprint has presented evidence that it provided Big River copies of the relevant trial transcripts from the *Vonage* case. With respect to the documents that were produced without an explanation as to their contents, Big River may seek an explanation in future depositions of Sprint representatives. Big River's motion to compel is denied as to Interrogatory No. 4.

**Interrogatory No. 6**

>Interrogatory No. 6 reads:
>
>Identify each and every Agreement under which Sprint licensed any rights in the Asserted Patents or any rights in any Related Patents, the party receiving the right(s) conferred in each such Agreement, the Bates number(s) at which each such Agreement can be found, the effective date of each such Agreement, and the consideration that Sprint has received to date under each such

---

[6]Sprint's Supplemental Responses to Big River's First Set of Interrogatories at 3.

Agreement; and identify persons having knowledge of the foregoing.

Sprint responded to this interrogatory by identifying agreements with Theglobe.com/tglo.com, Inc. and with Vonage Holdings Corp./Vonage America, Inc. In its motion to compel, Big River argues that Sprint must have failed to exercise due diligence in responding to Interrogatory No. 6 because Big River has discovered an undisclosed agreement between Sprint and Tellabs in which Sprint granted Tellabs a license to certain patents, including five of the Asserted Patents in this case. Sprint notes, initially, that Interrogatory No. 6 is now irrelevant because the court has stricken Big River's affirmative defense of licensing (*see* doc. 51). Sprint further asserts that the Tellabs agreement only granted rights for an individual component and thus is not related to the Asserted Patents that the interrogatory asks about. Big River counters that the Tellabs agreement explicitly identifies five of the Asserted Patents as being subject to the agreement such that even if information about licensing of component agreements is inadmissible at trial as part of Big River's defense, it is discoverable under Fed. R. of Civ. P. 26(b)(1) because it could lead to the discovery of admissible evidence.

The current briefing and record on the relevance of component licensing agreements is sparse. On its face, the court cannot say that information sought in Interrogatory No. 6 could "'have no possible bearing' on the claim or defense of a party."[7] Therefore, Big River has overcome the low hurdle of showing the relevance—for discovery purposes—of

---

[7]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (citations omitted).

information related to licensing agreements for component parts of inventions covered by the Asserted Patents, and the court will grant the motion to compel as to Interrogatory No. 6. However, the court does not preclude Sprint from filing a motion for a protective order with regard to Interrogatory No. 6 (should Sprint deem it necessary and a smart use of resources), in which case the parties may more fully address the relevancy of such information.

**Interrogatory No. 8**

Interrogatory No. 8 states:

Identify any and all projects, products, networks, systems, developmental systems, test systems known to Sprint wherein any portion of an inbound or outbound telephone call is transmitted over a packet-based network; and identify persons having knowledge of the foregoing.

Sprint objected to Interrogatory No. 8 on the grounds it is vague, overly broad, unduly burdensome, not relevant, and seeks information protected by the attorney-client privilege and the work-product doctrine. Sprint then limited the interrogatory to "the Asserted Patents, claims, and defenses in this litigation"[8] and answered,

Sprint identifies systems and/or networks owned by the following entities that operate in a manner that is covered by the Asserted Patents and in which a portion of an inbound or outbound telephone call is transmitted over a packet-based network: Vonage Holdings, Vonage America, Voiceglo, Big River Telephone Company, L.L.C., Paetec Holding Corp., Paetec Corp., Paetec Communications, Inc., NuVox Communications, Inc, Broadvox LLC, and Infotelecom, LLC. The individuals with knowledge of these systems

---

[8]Sprint's Response to Motion to Compel at 12.

and/or networks are the respective employees of the identified entities.[9]

Big River challenges Sprint's response on the ground that Sprint does not identify or describe any projects or systems designed by Sprint and does not identify people knowledgeable about such projects or systems. Sprint responds that it has provided a complete response to Interrogatory No. 8, as limited, and "[b]eyond the identified companies, Sprint has no further responsive information."[10] In reply, Big River states that documents produced by Sprint in response to another interrogatory demonstrate that Sprint had at least one "Broadband-Intelligent Network Prototype" project. Big River argues that Sprint must therefore have more information than it has provided in its response to Interrogatory No. 8.

Given the documents indicating that Sprint had at least one "Broadband-Intelligent Network Prototype" project, the court finds there is at least some likelihood Sprint has failed to fully respond to Interrogatory No. 8, even as limited in scope by Sprint. The court therefore orders Sprint to supplement its response to Interrogatory No. 8.

**Interrogatory No. 9**

Interrogatory No. 9 states:

Describe in detail any participation by Sprint in any joint venture, joint project, or cooperative project relating to the development of equipment and/or networks for carrying any portion of an inbound telephone call over a packet-based network; and identify persons having knowledge.

---

[9] Sprint's Supplemental Responses to Big River's First Set of Interrogatories at 5.

[10] Sprint's Response to Motion to Compel at 12.

Sprint objected to Interrogatory No. 9 on the grounds it is vague, overly broad, unduly burdensome, and not relevant. Sprint then "limited its response to projects that relate to the Asserted Patents"[11] and answered that it had "purchased equipment, software, and/or services for projects relating to the Asserted Patents from at least the following entities: Lucent, Nortel, Cisco, and Tellabs."[12]

Big River does not substantively challenge the limits placed by Sprint on its interpretation of Interrogatory No. 9,[13] but argues that Sprint's response fails to provide any detail about Sprint's work with Lucent, Nortel, Cisco, and Tellabs. Sprint responds that this information may be obtained from documents it has already produced, and it will identify such documents pursuant to Fed. R. Civ. P. 33(d). According to Big River, Sprint has not yet identified the responsive documents. The court therefore orders Sprint to either fulfill its promise to identify the responsive documents pursuant to Rule 33(d) or to provide the requested information (as limited) in a supplemental written response.

**Interrogatory No. 10**

Interrogatory No. 10 reads:

Describe in detail the circumstances, including the dates, under which Sprint first became aware of any factual bases for its allegations that Big River has

---

[11]Sprint's Response to Motion to Compel at 8.

[12]Sprint's Supplemental Responses to Big River's First Set of Interrogatories at 6.

[13]Big River does not address Sprint's objections for vagueness, overbreadth, burdensomeness, and relevance, except to summarily state that those objections are without merit and are not true.

> infringed or is infringing any claim of the Asserted Patents or any Related Patents; and identify persons having knowledge of the foregoing.

Sprint objected to this interrogatory on the grounds it seeks disclosure of information that is protected by the attorney-client privilege and the work-product doctrine. Sprint then answered by naming December 2007 as the date on which it became aware of Big River's infringement and identifying Harley Ball, an in-house attorney for Sprint, as an individual with knowledge of the circumstances surrounding this event. In subsequent discussions with Big River and in its response to Big River's motion to compel, Sprint took the position it would not further answer Interrogatory No. 10 because information concerning Mr. Ball's awareness and knowledge of Big River's infringement is protected by the attorney-client privilege or work-product doctrine.

In its motion to compel, Big River states that Interrogatory No. 10 does not seek the disclosure of confidential attorney communications or the work product of Mr. Ball, but rather, targets the factual circumstances that relate to Sprint's investigation into its infringement claims. The court agrees that Interrogatory No. 10 could be interpreted to seek only the factual basis of Sprint's claims. Moreover, it appears Sprint does not object to answering the interrogatory, as clarified by Big River.[14] The court therefore orders Sprint to supplement its response to Interrogatory No. 10.

---

[14]Sprint simply notes that Big River has "rewritten" the interrogatory and that "[I]f Big River wishes to serve an interrogatory on Sprint seeking 'the facts that led Sprint to conclude it infringes' and 'the factual circumstances of Sprint's pre-filing investigations,' it is entitled to do so." Sprint's Response to Big River's Motion to Compel at 18.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

Big River's motion to compel is granted with respect to Interrogatory Nos. 3, 6, and 8-10, as discussed above. Sprint shall supplement its answers to these interrogatories by **June 19, 2009**. Big River's motion to compel is denied with respect to Interrogatory No. 4.

Dated this 4th day of June, 2009, at Kansas City, Kansas.

     s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge