IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY )
L.P.,                                                    )
                                                             )
                                 Plaintiff,            )
                                                             )
v.                                                          )          Case No. 08-2046-JWL
                                                             )
BIG RIVER TELEPHONE COMPANY, LLC, )
                                                             )
                                 Defendant.         )

## ORDER

The plaintiff, Sprint Communications Company L.P. ("Sprint"), has brought patent

infringement claims against the defendant, Big River Telephone Company, LLC ("Big

River"). This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara,

on Sprint's motion to compel Big River to produce documents related to technical aspects

of Big River's voice-over-internet protocol ("VoIP") telephony system (**doc. 75**) and

Sprint's separate motion for costs and attorney fees incurred in bringing the motion to

compel (**doc. 157**). For the reasons stated below, Sprint's motion to compel is granted and

motion for costs and fees is granted in part and denied in part.

### A. Timeliness of Motion to Compel

As an initial matter, the court must address Big River's contention that Sprint waived

any objection that it has to Big River's document production because Sprint did not file its

motion to compel within thirty days of the production. D. Kan. Rule 37.1(b) requires that

motions to compel discovery be filed "within 30 days of the default or service of the

response . . . which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown."  Sprint asserts that good cause exists for extending the deadline for filing the motion to compel because Sprint was diligently attempting to obtain technical documents from Big River without court intervention.  The court notes that the appropriate course of action in such circumstances is to request an extension to the time for filing a motion to compel.[1]  On the current record, however, the court is not persuaded to release Big River from its discovery obligations (obligations that also are subject to the scheduling order in this case, as discussed below) and will excuse Sprint's filing delay.[2]

### B.  Motion to Compel

Sprint moves the court to compel Big River to respond to Sprint's requests for production of documents related to the technical aspect of Big River's commercial operations,[3] as well as to the July 15, 2008 scheduling order (doc. 21) requiring the parties to exchange documents described in their respective Fed. R. Civ. P. 26(a)(1) disclosures and

---

[1]*See Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008) (noting that allowing the parties to simply toll the thirty-day time period of D. Kan. R. 37(b), without approval by the court, "would allow a virtually indefinite extension of the deadline so long as counsel purported to continue engaging in an effort to secure the information informally from the opposing party").

[2]*See Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (excusing the untimely filing of motion to compel because the parties' mutual efforts to resolve the discovery dispute extended after the expiration of the thirty-day period).

[3]*See* Sprint's First Set of Requests for the Production of Documents and Things, Nos. 5, 18–25, and 45–52.

requiring Big River to produce documents sufficient to show the operation of any aspect or element of an accused instrumentality.  Sprint alleges that Big River has failed to produce information relating to the accused VoIP system.

Big River's response to the motion to compel lacks significant substance.  Big River states that it "has produced the documents it was required to produce in response to Sprint's document requests, *subject to Big River's objections*, and the documents it was required to produce under the Court's Scheduling Order."[4]  Big River then proceeds to describe certain documents that it produced.  Finally, Big River states that it cannot produce documents that are subject to third-party confidentiality agreements.

Nothing in Big River's response convinces the court that Big River has satisfied its discovery obligations—and the court's order—with respect to technical documents. Although it is clear that Big River produced *some* documents that show the technical aspect of Big River's commercial operations, Big River admits that it is withholding documents that fall under Big River's objections or that are subject to third-party confidentiality agreements.[5]

---

[4]Corrected Memorandum in Opposition to Sprint's Motion to Compel at 3 (emphasis added).

[5]The court recognizes that on January 12, 2009, Big River produced over 670,000 pages of documents (equating to about eighty-five percent of Big River's total document production to date) and that some of the documents include information about the operation of Big River's VoIP network.  Sprint contends, however, that Big River's January production was "still inadequate, and Sprint's Motion to Compel Technical Documents has therefore not been rendered moot."  Sprint's Motion for Costs and Attorney Fees at 3.  The court agrees.  A February 12, 2009, letter from Big River's counsel to Sprint's counsel states

Big River's reliance on its objections asserted in its discovery responses falls short because Big River has not specifically asserted one or more objections in response to the motion to compel. As the court has previously ruled in this case, "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[6] This is because when objections are not supported in response to a motion to compel, the court is "left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case."[7] Although in its response to the motion to compel Big River broadly notes that it has withheld documents that are "subject to Big River's objections," Big River does not name, let alone rely upon, any specific objection. The court is wholly unable to determine the validity of any asserted objection. Big River's objections to the document requests seeking technical information[8] are therefore deemed abandoned.

Big River's reliance on third-party confidentiality agreements is equally misplaced. Big River did not object to any of Sprint's requests for production of documents on the ground that the request seeks confidential information of a third party. Objections that are

that Big River is continuing to withhold documents that are subject to Big River's objections to document requests or that contain the confidential information of third parties.

[6]Order of September 23, 2008, (doc. 56) at 8 (quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 & n.15 (D. Kan. 2005)).

[7]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 671 (D. Kan. 2004).

[8]Sprint's First Set of Requests for the Production of Documents and Things, Nos. 5, 18–25, and 45–52.

not raised in a discovery response are deemed waived.[9]  Additionally, the fact that Big River may have a contractual, legal obligation not to reveal confidential information of third parties does not itself preclude discovery.  Big River has the burden to demonstrate that the documents are truly confidential and that it has standing to assert the rights of the third parties[10]—Big River has not attempted to satisfy either burden.

In consideration of the foregoing, Sprint's motion to compel the production of documents (doc. 75) is granted.  Sprint's requests for documents that relate to Big River's VoIP system seek information that is substantially similar to information that the court ordered produced in the scheduling order.  It therefore appears that, in addition to inappropriately withholding documents requested by Sprint in discovery, Big River may not have fully complied with the scheduling order.  The court orders Big River to produce all technical documents responsive to Sprint's First Set of Requests for the Production of Documents and Things, Nos. 5, 18–25, and 45–52, and to the scheduling order, by **July 6, 2009**.  To the extent that Big River has already produced all documents responsive to a particular request or order, or does not have documents responsive to a particular request or order, Big River shall so state in writing to Sprint also by **July 6, 2009**.

### C.  Motion for Attorney Fees and Costs

---

[9]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

[10]*See Mike v. Dymon, Inc.*, No. 95-2405, 1996 WL 606362, at *3 (D. Kan. Oct. 17, 1996).

Sprint also moves—both in its memorandum in support of its motion to compel the production of technical information (doc. 76) and in a separate motion (doc. 157)—for an award of costs and attorney fees incurred in bringing the motion to compel.  Fed. R. Civ. P. 37(a)(5)(A) provides, in relevant part, that when a motion to compel is granted or the requested discovery is provided after the motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that the opposing party's response or objection was "substantially justified" or that "other circumstances make an award of expenses unjust."  "A nondisclosure, response, or objection is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person' or where 'reasonable people could differ as to the appropriateness' of the nondisclosure, response, or objection."[11]

Sprint filed its motion to compel on October 17, 2008.  On January 12, 2009, while the motion to compel was pending, Big River produced over 670,000 pages of documents, equating to about eighty-five percent of Big River's total document production to date. Sprint contends that the January document production includes some "limited technical information on the operation of Big River's VoIP network that Sprint specifically identified in its motion to compel."[12]  Sprint argues that Big River's initial failure to produce these

---

[11]*Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. March 31, 2008) (internal citations omitted).

[12]Sprint's Motion for Costs and Attorneys Fees at 3.

documents was not substantially justified.  Sprint states that this is evidenced by the fact that Big River produced "a staggering amount of information" after the motion to compel was filed.[13]  In addition, the court has herein granted Sprint's motion, compelling Big River to produce additional documents heretofore withheld.

Big River responds that its January 12, 2009, document production was precipitated by a desire to "move this case forward," rather than by the filing of Sprint's motion to compel.[14]  Big River explains that its document production was delayed by Sprint's failure to produce infringement contentions (the subject of a separate motion pending in this case) and that it was forced to produce a large volume of documents to address every conceivable aspect of "Sprint's vague and ill-defined infringement theories."[15]  Big River notes that it did not receive Sprint's second supplemental infringement contentions until after Sprint filed the motion to compel.  Big River has not addressed the issue of Rule 37 sanctions upon the court's granting of Sprint's motion to compel.

As to technical documents produced by Big River on January 12, 2009, the court need not decide whether Big River's delay in production of these documents was appropriate in light of Sprint's allegedly inadequate infringement contentions.  Rather, as noted above, the court must determine only whether Big River's initial nondisclosure was justified to a degree

---

[13]*Id.* at 5.

[14]Big River's Opposition to Sprint's Motion for Costs and Sanctions at 2.

[15]*Id.*

that reasonable people could differ in opinion as to its appropriateness.[16]   The court concludes that a reasonable person could find Big River's initial nondisclosure of certain technical documents substantially justified.   It is beyond dispute that Sprint's final infringement contentions had not been produced at the time the motion to compel was filed.[17] A reasonable person might surmise that Big River acted appropriately when it did not produce documents that may or may not have been relevant to Sprint's contentions in the case.   The court therefore will not award expenses based on Big River's initial nondisclosure of technical documents that were ultimately produced on January 12, 2009.

As to technical documents that Big River has not yet produced but which the court has ordered produced in granting Sprint's motion to compel, however, nothing in the record shows that Big River's nondisclosure or objections to disclosure are substantially justified. The reasons given by Big River for its continued withholding of these documents is that they are subject to Big River's objections to document requests or contain confidential information of third parties.[18]   As discussed above, Big River has not substantiated—or attempted to substantiate—these reasons.   Thus, there is nothing in the record upon which a reasonable person could rely to find Big River's actions appropriate.   Rule 37(a)(5)(A)

---

[16]*Hamner*, 2008 WL 917900, at *2.

[17]Sprint served its Second Amended Infringement Contentions on October 22, 2008, and the parties disagree to what extent Sprint must further modify its infringement contentions and whether Sprint needs additional technological documents from Big River in order to do so.  *See* docs. 116, 131, & 136.

[18]*See* February 12, 2009, letter from Perry Clark to Jason Mudd, Exhibit E to doc. 157.

therefore requires that Sprint be awarded its expenses incurred in bringing the motion to compel technical documents.[19]

Sprint's motion for costs and attorney fees (doc. 157) is granted in part and denied in part.  To the extent that the motion for costs and fees echos Sprint's memorandum in support of its motion to compel requesting fees incurred in bringing the motion to compel, it is granted.  To the extent that the motion for costs and fees seeks the additional expenses incurred in bringing the motion for costs and fees based on Big River's January 12, 2009, document production, it is denied.  The court instructs Sprint to submit an accounting of the costs and legal fees (including supporting documentation such as attorney time sheets) it sustained in regard to drafting and filing its motion to compel no later than **June 26, 2009.**  Thereafter, Big River will have until **July 6, 2009** to respond to Sprint's filing.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Sprint's motion to compel (**doc. 75**) is granted, as discussed above.  Big River

shall supplement its document production by **July 6, 2009**.

---

[19]Rule 37(a)(5)(A) requires that before the court may make an award of sanctions, the non-moving party must be afforded the "opportunity to be heard."  This requirement is satisfied when "the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response."  *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 667 (D. Kan. 2004).  The court finds that Big River had an opportunity to be heard on this matter, as Sprint requested an award of costs and fees in its memorandum in support of motion to compel (doc. 76).  *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (holding that non-movant had sufficient opportunity to be heard where movant requested fees in its motion to compel and non-movant "responded to the Motion but chose not to address the sanctions issue").

2.      Sprint's motion for costs and attorney fees incurred in bringing the motion to

compel (**doc. 157**) is granted in part and denied in part, as discussed above.

Sprint shall submit an accounting of the costs and legal fees it sustained in

regard to drafting and filing its motion to compel by **June 26, 2009.**  Big River

shall respond to Sprint's filing by **July 6, 2009.**

Dated this 12th day of June, 2009, at Kansas City, Kansas.

     s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\08-2046-JWL-75, 157.wpd