IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 08-2046-JWL |
| BIG RIVER TELEPHONE COMPANY, LLC, | ) ) |
| Defendant. | ) |

## ORDER

On June 4, 2009, the court entered an order (doc. 168) granting in part and denying in part the motion of the defendant, Big River Telephone Company, LLC, to compel supplemental responses to Interrogatory Nos. 3, 4, 6, and 8–10 by the plaintiff, Sprint Communications Company, L.P. (doc. 68). On July 17, 2009, Big River filed a separate motion (**doc. 214**) asking the court to order Sprint to show cause why Sprint should not be ordered to pay a portion of Big River's costs and attorneys' fees associated with Big River's motion to compel. The court has considered Big River's motion for a show cause order and is prepared to rule without awaiting a response from Sprint. Big River's motion is denied.

Fed. R. Civ. P. 37(a)(5)(C) states that if a motion to compel discovery "is granted in part and denied in part, the court *may* . . . apportion the reasonable expenses for the motion."[1]

---

[1] Emphasis added.

Whether to impose such sanctions "lies within the court's sound discretion."[2] The court should consider on a case-by-case basis whether the position of the party opposing the motion "was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[3]

In this instance, the court finds that it is appropriate to require the parties to bear their own expenses incurred in connection with Big River's motion to compel.[4] First, the court notes that Big River never requested the imposition of sanctions (whether in the form of attorneys' fees or otherwise) in its motion to compel. Nor did Big River's reply brief (doc. 86) contain any request for costs and attorneys' fees. Big River's motion for an order to show cause why Sprint should not be ordered to pay a portion of Big River's costs and attorneys' fees was not filed until *six weeks* after the court issued an order granting in part and denying in part the motion to compel. While technically nothing prevents the court from awarding expenses under Rule 37(a)(5)(C) without a timely request from a party to do so, the court considers the lateness of Big River's motion for a show cause order as a

---

[2] *Gipson v. Southwestern Bell Telephone Co.*, No. 08-2017, 2009 WL 790203, at *19 (D. Kan. March 24, 2009).

[3] *Id.*

[4] *See, e.g., Allstate Property & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110, 2009 WL 9288601, at *5 (D. Kan. April 3, 2009) (requiring the parties to bear their own costs where motion to compel was granted in part and denied in part); *Dean v. New Werner Holding Co. Inc.*, No. 07-2534, 2008 WL 2560707, at *10 (D. Kan. June 26, 2008) (same); *Universal Engraving, Inc. v. Duarte*, No. 07-2427, 2008 WL 1884057, at *1 (D. Kan. April 28, 2008) (same).

circumstance weighing against the imposition of sanctions. To adopt a different approach would implicitly encourage piecemeal litigation, which is not conducive to judicial economy. Moreover, there must be some point at which a party may justifiably feel secure in its belief that it will not be sanctioned for discovery positions previously ruled. As Big River is aware, if it was dissatisfied with the fact that the court did not consider sanctions in the order ruling on the motion to compel, Big River had ten days to seek reconsideration of that order.[5]

Second, the court has reviewed the pleadings relevant to Big River's motion to compel and concludes that "[b]oth parties took legitimate positions on the motion to compel."[6] While the court disagreed with many of Sprint's positions, Sprint's discovery objections were not unreasonable.

Thus, for the reasons stated above, Big River's motion for a show cause order (doc. 214) is denied.

Dated this 21st day of July, 2009, at Kansas City, Kansas.

         s/James P. O'Hara  
        James P. O'Hara  
        U.S. Magistrate Judge

---

[5] *See* D. Kan. Rule 7.3(b).

[6] *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (internal citations and quotations omitted).