IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-2046-JWL<br>) |
| BIG RIVER TELEPHONE COMPANY, LLC, | )<br>) |
| Defendant. | ) |

### ORDER

On June 12, 2009, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order (doc. 184) granting the motion of the plaintiff, Sprint Communications Company L.P. ("Sprint"), to compel the defendant, Big River Telephone Company, LLC ("Big River") to produce certain documents, and awarding Sprint its expenses and legal fees incurred in bringing the motion to compel.[1]  Sprint has now filed its accounting of the attorneys' fees that it sustained in regard to drafting and filing the motion to compel (doc. 200).  Big River has filed objections to that accounting (doc. 206).  For the reasons set forth below, Big River's objections are overruled and Sprint's accounting is approved.

---

[1] Big River filed a motion for reconsideration of the June 12, 2009 order, which the undersigned denied on June 29, 2009 (doc. 203).  Big River then filed objections to both orders, which United States District Judge John W. Lungstrum overruled on August 12, 2009 (doc. 225).

Sprint's accounting asserts that Sprint incurred $7,773.37[2] in attorneys' fees in bringing its motion to compel.[3] In support of this accounting, Sprint has submitted a chart showing attorney and paralegal time records and billing entries related to the motion.

Big River raises three objections to Sprint's accounting of attorneys' fees. First, Big River argues that Sprint should not be awarded "costs and fees for its entire motion to compel" because the court declined to award "expenses based on Big River's initial nondisclosure of technical documents that were ultimately produced on January 12, 2009."[4] Big River's argument is specious and fails. The court explicitly awarded Sprint "its expenses incurred in bringing the motion to compel [doc. 75]."[5] The court declined to award Sprint its "*additional* expenses incurred in bringing the motion for fees and costs based on Big River's January 12, 2009, document production [doc. 157]."[6] Sprint's accounting indicates that Sprint does not seek fees for any legal work performed after November 14, 2008—the date on which Sprint filed its reply brief related to its motion to compel (doc. 98). It is clear, therefore, that Sprint has not sought reimbursement for the legal expenses that it incurred in response to Big River's subsequent document production two months later.

---

[2]*See* the August 17, 2009, Notice to Counsel of Clarification by the Court regarding the correct amount sought by Sprint.

[3]Sprint's accounting does not request or set forth other costs incurred by Sprint in bringing its motion to compel.

[4]Doc. 206 at 2 (quoting doc. 184 at 8).

[5]Doc. 184 at 9.

[6]*Id.* (emphasis added).

Next, Big River asserts that Sprint's motion to compel discovery was directed, in part, to certain of Sprint's document requests that had not been the subject of any meet-and-confer discussions between the parties. Big River argues that Sprint's award of expenses "should be reduced to exclude any fees and costs incurred with respect to" document requests that had not been the subject of meet-and-confer discussions.[7] The court will not reduce Sprint's fee award based on this argument. First, the record makes clear that Sprint satisfied its meet-and-confer obligation with respect to *all* of the documents sought in its motion to compel. Sprint sought to compel Big River to produce documents related to the technical aspects of Big River's voice-over-internet protocol telephony system. While it is true, as Big River notes, that Sprint's motion to compel sought responses to document requests not specifically listed in an August 21, 2008, letter to Big River,[8] it is also true that Sprint corresponded with Big River on a number of other occasions in an effort to obtain all documents relevant to the operation of Big River's accused system.[9] Second, *even if* Sprint had not satisfied its duty to confer with regard to a subset of documents sought in its motion to compel, Big River has not cited any authority suggesting that Fed. R. Civ. P. 37(a)(5)(A) would require the court

---

[7]Doc. 206 at 2 (citing Fed. R. Civ. P. 37(a)(5)(A)(1), which prohibits an award of expenses if the party filing the motion to compel did not attempt to obtain the discovery without court action).

[8]Exhibit F to doc. 76.

[9]*See* Exhibits K, L, and O to doc. 76. *See also* Exhibit F to doc. 76 (stating, "I would also note that you have not produced documents relating to a number of requests that I did not include in the above list. I assume, however, that such documents will be produced with your Invalidity Contentions in compliance with the Court's Scheduling Order.").

to somehow apportion expenses incurred as a result of that subset and exclude them from the fee award. As a practical matter, making such an apportionment is impossible in this case because the time billed by Sprint's attorneys was for work performed in attempting to compel discovery of Big River's technical documents as a whole, not technical documents corresponding to particular document requests.

Finally, Big River raises a series of one-sentence arguments in an attempt to show that Sprint sought fees to which it was not entitled and incorrectly calculated fees sought.[10] These arguments have no merit. The court has examined Sprint's accounting and finds that the attorneys' fees sought are properly limited to work performed in bringing Sprint's motion to compel, are reasonable in amount, and are correctly calculated.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Big River's objections to Sprint's accounting of expenses are overruled.

2. Big River shall pay Sprint the reasonable fees incurred by Sprint in bringing its motion to compel, in the amount of $7,773.37, by September 4, 2009.

Dated this 18th day of August, 2009, at Kansas City, Kansas.

        s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[10] Doc. 206 at 3.