IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY )
L.P., )
 )
                Plaintiff, )
 )
v. )    Case No. 08-2046-JWL
 )
BIG RIVER TELEPHONE COMPANY, LLC, )
 )
                Defendant. )

## ORDER

The plaintiff, Sprint Communications Company L.P. ("Sprint"), has brought patent infringement claims against the defendant, Big River Telephone Company, LLC ("Big River"). This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on Sprint's motion to compel Big River to respond to Sprint's Interrogatory No. 15 (**doc. 159**) and Sprint's separate motion to compel Big River to respond to Sprint's Interrogatory No. 16 (**doc. 154**). For the reasons stated below, Sprint's motion to compel a response to Interrogatory No. 15 is granted and Sprint's motion to compel a response to Interrogatory No. 16 is denied as moot.

      **A.**    **Motion to Compel Big River to Respond to Sprint's Interrogatory No. 15**

This case involves Sprint's allegations that Big River's voice-over-internet protocol ("VoIP") telephony systems infringe certain claims of Sprint-owned patents. On October 31, 2008, Sprint served its second set of interrogatories on Big River. Interrogatory No. 15 requested information about the operation of two of Big River's accused systems.

Specifically, Interrogatory No. 15 stated, in relevant part:

> Describe in detail the operation of the Big River Telephone Cable Telephony System that utilizes the AudioCodes Mediant 2000 and the operation of the Big River Cable Telephony System that utilizes the MetaSwitch 3510, including, but not limited to, the operation of the following components and any communications with one another for both an inbound and outbound call: the MetaSwitch CA9010, the MetaSwitch SG1100, the MetaSwitch MG3510, and the AudioCodes Mediant 2000 . . . .[1]

Interrogatory No. 15 appears related to the court's mandate in the July 15, 2008, Scheduling Order that Big River produce "documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by plaintiff in its infringement contentions."[2]

Big River answered Interrogatory No. 15 by identifying responsive documents. Big River later provided three supplements to its response—two supplements identified additional documents and the final supplement answered in a written narrative.[3]

Sprint alleges that, despite Big River's four responses to Interrogatory No. 15, Big River has failed to supply in "any level of detail" information about the operation of the accused systems. Sprint specifically contends that "Big River has not provided any details on outbound and inbound call flow within its accused systems, including the various messages that are received by, transferred within, generated by, and sent from components

---

[1] Exhibit A to doc. 159.

[2] Doc. 21 at 6.

[3] Exhibit A to doc. 159 at 4–8.

within those systems. Nor has Big River identified the components controlling call setup."[4] Pursuant to Fed. R. Civ. P. 37, Sprint moves the court to compel Big River to provide a complete response to Interrogatory No. 15.

In response to the motion to compel, Big River states that it has appropriately (1) directed Sprint to responsive documents that Big River produced as permitted by Fed. R. Civ. P. 33(d), and (2) informed Sprint that additional responsive information can be found in publicly-available technical specifications and in confidential third-party documents. Big River argues that it is under no obligation to provide an additional, detailed, narrative response to Interrogatory No. 15 because doing so would be unreasonably burdensome given the "vast array of technical details regarding the operation of" Big River's products, and because Rule 33(d) contemplates the production of business records in response to interrogatories.[5] Big River further argues that it is prohibited from producing responsive documents that contain a third-party's confidential information without the third-party's consent.

Two days after Big River filed its response, the court issued an order ruling on a motion by Sprint "to compel Big River to produce documents related to the technical aspects of Big River's [VoIP] telephony system."[6] In the June 12, 2009, order, the court granted

---

[4] Doc. 159 at 6 (citations omitted).

[5] Doc. 176 at 6.

[6] Doc. 184 at 1.

Sprint's motion and ordered Big River to produce the technical documents that were both sought in Sprint's discovery requests and required by the scheduling order mandate that Big River produce documents sufficient to show the operation of any aspect or element of an accused instrumentality. The court ruled that Big River could not withhold documents on the basis of third-party confidentiality agreements because Big River had not demonstrated "that the documents are truly confidential and that it has standing to assert the rights of the third parties."[7] Upon Big River's objection to the order, the order was affirmed by United States District Judge John W. Lungstrum.[8]

The June 12, 2009, order resolves many of the issues raised in the instant discovery dispute. With regard to Sprint's motion to compel a response to Interrogatory No. 15, the court agrees with Big River that Rule 33(d) permits Big River to bypass a narrative answer by filing business documents from which an answer may be gleaned. Big River's arguments about which documents it must produce, however, have since been foreclosed by the June 12, 2009, order. It should now be clear that Big River must produce all documents that show the technical operations of Big River's VoIP telephony systems. Big River may not withhold responsive documents in its possession, custody, or control on the ground that the

---

[7] Doc. 184 at 5 (citing *Mike v. Dymon, Inc.*, No. 95-2405, 1996 WL 606362, at *3 (D. Kan. Oct. 17, 1996)). The court further ruled that Big River had waived its objection by not raising it in response to Sprint's request for production of documents. *Id*. at 4–5 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

[8] Doc. 225.

documents contain the confidential information of third parties.[9]

In consideration of the foregoing, Sprint's motion to compel a response to Interrogatory No. 15 (doc. 159) is granted. If Big River has not done so already, Big River shall produce responsive documents by **September 2, 2009**.

### B. Motion to Compel Big River to Respond to Sprint's Interrogatory No. 16

Sprint's Interrogatory No. 16 seeks information about "third-parties that Big River has communicated with concerning the Asserted Patents, this litigation, or the United States District Court of Kansas case entitled *Sprint Communications Co. L.P. v. Vonage*."[10] On May 27, 2009, Sprint moved to compel Big River to fully respond to Interrogatory No. 16 (doc. 154). After the court issued its June 12, 2009, order, however, Sprint withdrew the motion to compel.[11] Sprint stated that the motion would be moot if Big River complied "with the Court's Order by producing its technical documents" and if the court ordered Big River "to provide the technical details requested by Sprint's Interrogatory No. 15." Because Sprint has sought to withdraw its motion to compel a response to Interrogatory No. 16, the motion is hereby denied as moot.

---

[9] The court also rejects Big River's unsupported contention that Sprint's motion to compel is "mooted" because Sprint subsequently deposed Big River's representative pursuant to Fed. R. Civ. P. 30(b)(6). Doc. 176 at 2.

[10] Exhibit A to doc. 154.

[11] Doc. 190 at 2 ("Sprint hereby withdraws the present motion, while reserving the right to re-file should Big River's failure to disclose information regarding the technical operations of it network again require Sprint to seek this information from third parties.").

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Sprint's motion to compel a response to Interrogatory No. 15 (**doc. 159**) is granted, as discussed above. Big River shall respond by **September 2, 2009**.

2. Sprint's motion to compel a response to Interrogatory No. 16 (**doc. 154**) is denied as moot.

Dated this 20th day of August, 2009, at Kansas City, Kansas.

      s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge