IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 08-2046-JWL ) |
| BIG RIVER TELEPHONE COMPANY, LLC, | ) ) |
| Defendant. | ) |

### ORDER

The plaintiff, Sprint Communications Company L.P. ("Sprint"), has brought patent infringement claims against the defendant, Big River Telephone Company, LLC ("Big River"). This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on Big River's motion to compel Sprint to produce documents it is withholding as privileged (**doc. 178**). For the reasons set forth below, Big River's motion is denied. However, Sprint is ordered to either further supplement its privilege log or file a motion for a protective order relieving it of this obligation.

Big River asserts that Sprint has failed to provide a privilege log for three categories of withheld documents: (1) "documents created after 2005," (2) "documents related to the prosecution of the patents-in-suit or related patents," and (3) "documents related to Sprint's litigation against Vonage over the same patents that are at issue in this case."[1] Big River

---

[1] Doc. 178 at 2.

argues that Sprint's failure to timely log these documents waives any privilege protection to which the documents might otherwise qualify. Big River seeks an order from the court compelling Sprint to produce all such withheld documents that are responsive to Big River's discovery requests.

A party objecting to discovery on privilege grounds has the burden to establish the privilege.[2]  Fed. R. Civ. P. 26(b)(5)(A) provides that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (I) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

If a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.[3] Because waiver is a harsh sanction, however, "courts often reserve such a penalty for those cases where the

---

[2] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005).

[3] *Id.* (citing *Employer's Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003)). Although this result is not mandated by Rule 26(b)(5)(A) itself, the Advisory Committee clearly contemplated the sanction. It explained as follows: "To withhold materials without [providing the information required by Rule 26(b)(5)(A)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." *White v. Graceland College Ctr. for Prof'l Dev. & Lifetime Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (citing Fed. R. Civ. P. 26(b)(5) advisory committee's notes (1993 amendments)).

offending party unjustifiably delayed in responding to the discovery requests or acted in bad faith."[4]  Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver.[5]  Additionally, this court has refused to find waiver where the requesting party substantially delays in inquiring about the withheld documents.[6]

The penalty of waiver is not appropriate in this case.  First, there is no indication that Sprint acted in bad faith in failing to produce a complete privilege log.  On August 4, 2008, Sprint served its privilege log along with its responses to Big River's requests for production of documents.  Ten months passed without Big River raising any concerns about the sufficiency of the privilege log.  When, on June 9, 2009, Big River did raise its concerns about "three categories of documents that [Sprint] did not include on [Sprint's] August 2008 privilege log,"[7] Sprint immediately sought to address Big River's concerns about deficiencies in Sprint's privilege log.  In a letter dated that same day, Sprint expressed its willingness to supplement its privilege log with documents related to its patent prosecutions and documents

---

[4]*Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017, 2009 WL 790203, at *11 (D. Kan. March 24, 2009).

[5]*In re Universal Serv. Fund.*, 232 F.R.D. at 671–72 (citing *Heavin v. Owens-Corning Fiberglass*, No. 02-2572, 2004 WL 316072, at *1 (D. Kan. Feb. 3, 2004)).

[6]*New Jersey v. Sprint Corp.*, No. 03-2071, 2009 WL 1917412, at *33 (D. Kan. July 2, 2009) (holding that the requesting party's "unjustified delay in even inquiring about the documents is a mitigating factor against finding a privilege waiver due to delay").

[7]Exhibit 3 to doc. 210 (6/9/2009 email from Big River's counsel to Sprint's counsel).

created after 2005.[8]  Big River was not interested in a supplemental log, however, and the next day filed the instant motion to compel production of the privileged documents.[9]  On June 23, 2009, Sprint served its supplemental privilege log.

In addition to Sprint's responsiveness upon being notified of deficiencies in its original privilege log, the court also finds Big River's delay in inquiring about the documents missing from the log to be a factor mitigating against waiver.[10]  Big River gives no explanation for its ten-month delay in inquiring about potentially missing documents and suggesting that there were deficiencies in Sprint's log.  The court therefore finds a blanket waiver of the privileges asserted by Sprint not to be warranted.

Big River next argues that Sprint's supplemental privilege log is deficient to the extent that it contains a single entry for withheld documents related to Sprint's litigation against Vonage.  Asserting attorney-client privilege and the attorney work product doctrine, Sprint describes the documents as follows:

> Approximately one thousand documents created on or about June 2005

---

[8] *See* Exhibit 5 to doc. 210 (6/9/2009 letter from Sprint's counsel to Big River's counsel).  Sprint also sought clarification as to which documents Big River was seeking related to the Vonage litigation.

[9] Sprint questions whether Big River satisfied the requirements of Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, which require parties to confer and make a good-faith effort to resolve discovery disputes without court action.  The court agrees that Big River likely violated the spirit, if not the letter, of the rules.  Because the court denies Big River's motion, however, the court need not resolve the matter.

[10] *See New Jersey*, 2009 WL 1917412, at *33 (holding that the requesting party's "unjustified delay in even inquiring about the documents is a mitigating factor against finding a privilege waiver due to delay").

through October 2007. These documents were prepared by outside counsel for Sprint (or its representatives) or inhouse counsel for Sprint (or its representatives) to assist in anticipated or pending litigation against Vonage and/or contain communications between outside counsel for Sprint (and its representatives) and inhouse counsel for Sprint (and its representatives) for the purpose of facilitating the rendition of legal advice to Sprint regarding anticipated and pending litigation against Vonage. Outside counsel for Sprint, including but not limited to Trent Webb, Peter Strand, Eric Buresh, Adam Seitz, Rob Reckers, and Jason Mudd, and inhouse counsel for Sprint, including but not limited to Harley Ball, Mark McGrory, and Lee Lauridsen, authored, received, or received copies of these documents.[11]

Sprint argues that it would be "unduly burdensome to specifically log each privileged communication given the voluminous communication between outside counsel and in-house counsel during the *Sprint v. Vonage* litigation."[12]

As discussed above, Rule 26 requires a party withholding information as privileged to "describe the nature of the documents, communications, or tangible things not produced or disclosed— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The advisory committee notes accompanying Rule 26 recognize that the level of detail a privilege log must contain is case specific: "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."[13]

---

[11] Exhibit 6 to doc. 210.

[12] Doc. 194 at 9.

[13] Fed. R. Civ. P. 26(b)(5) advisory committee's notes (1993 amendments).

Relying on *In re Motor Fuel Temperature Sales Practices Litigation*,[14] Sprint argues that its broad categorical description of the withheld documents is sufficient, given the burden that would accompany the individual entry of documents. This case is distinguishable from *In re Motor Fuel*, however. In *In re Motor Fuel*, defendants asserted a privilege over "tens of thousands of documents" exchanged between counsel.[15] Defense counsel submitted detailed declarations about the burdens that would accompany reviewing and logging such documents.[16] In contrast, Sprint is withholding only about one thousand documents related to the *Vonage* litigation. Sprint has submitted no affidavit discussing the burden that Sprint would bear by having to separately log each document. In these circumstances, the court finds Sprint's supplemental privilege log deficient for failing to adequately include the information necessary for Big River to determine whether the elements of the attorney-client privilege or work product protection have been met.

The court therefore orders Sprint to further supplement its privilege log with respect to the documents related to the Vonage litigation by **September 18, 2009**. While the court

---

[14]*In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-md-1840, 2009 WL 959491, at *3 (D. Kan. April 3, 2009) (permitting the party withholding the documents to submit a categorical privilege log that provided information concerning the number of documents withheld, the time period encompassed by the documents, and a statement from counsel declaring that the documents fell within the attorney-client privilege and/or the work product doctrine).

[15]*Id.* at 1.

[16]*Id.* While the court found the declarations insufficient to relieve defendants of their burden to review the documents, the court nonetheless was "sympathetic to defendants' argument that individually logging thousands of privileged attorney communications would be immensely burdensome and have little, if any, benefit to plaintiffs." *Id.* at 3.

will not require an individual entry for every single document, Sprint must make more detailed and specific categorical entries that will permit Big River to assess Sprint's claims of privilege. Alternately, **by that same date**, Sprint may file a motion for a protective order relieving it of the burden of further supplementing its privilege log.[17] Should Sprint choose to seek a protective order, Sprint should, of course, include an affidavit or other evidence sufficient to satisfy its burden of showing that good cause exists for the entry of the order.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Big River's motion to compel the production of privileged documents (doc. 178) is denied.

2. By **September 18, 2009**, Sprint shall either submit to Big River an amended supplemental privilege log or file a motion for a protective order relieving it of this obligation.

Dated this 2nd day of September, 2009, at Kansas City, Kansas.

                                   s/James P. O'Hara
                                   James P. O'Hara
                                   U.S. Magistrate Judge

---

[17] Sprint notes that it objected to Big River's request for documents related to Sprint's litigation with Vonage as being overly broad, as well as seeking privileged documents. Doc. 194 at 9. Sprint's current papers do not develop this over-breadth argument, however. It is Sprint's prerogative to pursue this argument in a motion for protective order.